The Department of Veterans Affairs, Ben Thompson v. Department of Veterans Affairs, 17-2001-17-2003. Mr. Rosensky. Thank you, Your Honor. May it please the Court. This case raises a single issue to the Court, as whether the Veterans Court erred by not even considering equitable relief in both of the cases below. This Court has jurisdiction because this is a straightforward statutory interpretation issue. And what statute are we interpreting? We're interpreting both 7252 and 7261, 38 U.S.C., which define the Veterans Court's jurisdiction as well as its scope. What about 38 U.S.C. 503? We don't believe that 503 has any impact on this argument because it relates strictly to the Secretary's authority. And we believe that's independent of the Veterans Court authority, which we believe derives from Article III, Section 2, because the Veterans Court is an Article I court, which has the judicial power of the United States. That judicial power includes... Just to be clear, so you're not asking us to decide whether the Secretary's decision under the Secretary's statute is 502 or 503? 503. 38 U.S.C. 503. No, Your Honor. Whether that's viewable and what standards? There was some argument in rebuttal, but... Why don't you let the judge ask the question, please? Yes, Your Honor. We are not raising any issue with 503 or any issue with the Secretary's action or inaction under 503 below. Just in some kind of sort of inherent power of the Veterans Court under its grants of authority to do what you would like it to do? Yes, Your Honor. We believe... In one case, it's actually a kind of a monetary claim, specifically $50,000 of out-of-pocket reliance interest. In the other, it's what? In Mr. Thompson's case, it is approximately a $50,000 reliance harm, damage to... Right. In Mr. Burris' case, what is the relief that you are asking? I thought it was, please remand this so that I can go and ask the Secretary and the Veterans Court said, we don't need to do that. Just go and ask the Secretary. Something like that? Mr. Burris did ask for a remand for that purpose, but he also asked, as stated in the opinion, the Veterans Court opinion, for the Veterans Court itself to consider equitable relief. Essentially... What would be that relief to Mr. Burris? Equitably tolling the time limit for the benefit that he was seeking below. That kind of equitable tolling would not be tolling of a court filing requirement in the ordinary equitable tolling sense? That is correct. All the cases, tell me if I'm wrong, that you have pointed to, including the Seventh Circuit case and the tax court context, are about tolling time limits for filing before a tribunal. Yes, Your Honor. What we're seeking is to apply the same tolling theory to a time limit for a benefit of which, at the time that the occurrences occurred, he was eligible for, then some activities that he had no control over occurred. His mother died. That tolled the time limit for that benefit. We distinguish that from the cases where you're asking for a benefit that you were not eligible for or has been explicitly taken away by Congress. For example, you cannot get more than one year retroactive benefit. Is it your position, though, that the statutory provision that creates the court and defines the jurisdiction of the court necessarily includes conveying authority for broad equitable powers beyond the kind that Judge Toronto was talking about that would be an aid of the specific powers? Yes, Your Honor. We believe that Congress did not take away, explicitly take away, any of the Article III judicial powers of the United States. They could have because it's an Article III. That's part of my problem. You agree that Article I courts are creatures of, I mean, we're all creatures of statutes. The scope of our jurisdiction is anyway, even though our court is created by the Constitution. But Article I courts are, by definition, creatures of statute, right? Yes, Your Honor. So, the scope of their jurisdiction has to be defined in a statute. Yes, Your Honor. I would draw the court's attention. But you agree that there's no express provision for broad ranging equitable powers. There is no express provision in the statute that created the Veterans Court. However, I would draw your attention to a case that I don't believe I was cited in our brief, Freitag v. Commissioner 501 U.S. 888 and 889, that they discussed the powers of an Article I court. And that is where they state they cannot state, they reverse it, but essentially it says an Article III, Section 2 powers, because they have the judicial powers of the United States, which necessarily includes all the Article III powers, unless there is explicit congressional withholding of that, or... What's the citation on that one? 501 U.S. at 888 and 889. But that's a Supreme Court case about the Article III, Article I constitutionality of the tax court. Yes. Yes, Your Honor. But the theory applies here. It's an Article I court, which was created, and Congress specified the jurisdiction, but did not withhold any particular jurisdiction here. So, let me ask you, I guess, the question from the viewpoint of OPM, and was it McRae, our... McKay. McKay. Yes, Your Honor. McKay. Sorry. McKay, the kind of follow-on to OPM in this veterans arena. How is it that one could get out of some sort of background component of a judicial authority, the equitable authority, the power to order monetary payments from the government that are not authorized by statute, consistent with the core rationale of OPM against Mitch? Well, OPM and McKay discuss relief that we are not seeking here. We are seeking... We are not seeking benefits that Congress has not authorized. We are seeking relief for errors... We're seeking benefits in violation of the terms that Congress set for the payment of said benefits. No, Your Honor. No? Mr. Thompson is asking for the difference, for the harm, the damages caused to him by the government's error. He is not asking for 48 months or extra months. When does damages for harm come within the equitable authority of any tribunal, as opposed to requiring a sovereign immunity waiver of the sort that Congress did provide in the Tucker Act? Well, I believe... Not necessarily applicable to this situation, the Federal Tort Claims Act, but those... Well, I believe we cited in our brief the case law that supports this as detrimental reliance in good faith on government employees... I'm not questioning for a second the equities here, but where does some sort of equitable authority of a tribunal include, say in Mr. Thompson's case, the authority to award damages for reliance? Well, the equitable relief here is to weigh the equities here is unfair, to resolve the unfairness to Mr. Thompson and Mr. Burris and his situation because of a government error or because of a situation outside the control of the veteran. And Congress, in all of its jurisdiction for the veteran, the solicitude towards the veteran, and we believe that the inherent authority of the veteran's court under the theory we've laid out, Article III, not being restricted in any means by Congress, and that Congress, having solicitude for the veteran, could have taken it away if they didn't want the same... But money damages and equitable relief are almost always considered totally different, right? And what you're asking for, as you said, yes, even as the veteran's court said, he is sympathetic to the position that the veteran was in. But the question is, who has the authority to remedy that sympathy, that inequity? The secretary does, right? The secretary has independent authority to do so if he, in his discretion, unreviewable discretion... That's discretionary. It is discretionary. We are not questioning the secretary's denial of this. Both were denied. We are saying that the veteran's court has, we believe, it's not expansion of the scope, we believe it's inherent in the scope, similar in Monk where the class action, aggregate action capability was there, just not recognized by the veteran's court, to do what Congress wants for veterans, which is not to be harmed or damaged, perhaps I'm using the wrong term here, but to be made whole when the government accidentally or for whatever reason... But the right to use a class action vehicle isn't an equitable principle. I mean, it's a different vehicle to obtain the very same benefits that are authorized by law. But the veteran's court used the same justification, that they were not authorized to do that. And this court found that it did have authorization, go back and resolve each of the individual cases. Again, the authorization that we found was because it was tied expressly to, or clearly to the jurisdiction that was granted to the veteran's court by Congress, right? Yes, Your Honor. And we believe we're making, or we're trying to make the same argument here, is that Congress created an Article I court without restrictions in this area, no explicit restrictions. Therefore it has the authority, similar to having the authority to do class actions, it has the authority to consider equitable relief. The other restrictions on equity, equitable relief against the government, still apply, but the court needs to apply it to the facts in the individual case, similar to Monk. Not just a blanket, we have no authority to have class actions, but we've considered a class action here, it's not appropriate. They can do the same here. As one of the judges in the dissent below said, equitable remedy may be found unwarranted, but it should not properly be unavailable. So if the damages for Mr. Thompson are, as I said, used the wrong term, the court can say damages are not allowed under equity, or we don't find equity compels us to pay this difference for reliance. Was the Veterans Court reviewing the denials by the Secretary? No. It was reviewing the case below, and there was an argument in both cases that at bottom the court should do the right thing, and the court interpreted both of those as requests for equitable relief, I believe, properly. Which it said it had no authority to do. It had no authority. It did not address individual claims, whether it can toll, in general, a time limit, or toll it in this particular instance. Or whether... But the time limit that you're talking about is not a time limit for filing the paper that initiates the case in front of the tribunal. Absolutely, Your Honor. We're using it as an example of tolling, and that in equity, in fairness, the court could say, yes, it needed to be... He needed another three months because he lost three months in the middle of this for a good and fair reason. We believe it may even be less significant than tolling a court appeal because you can bring all the issues. We're asking for a specific issue, and we believe that the authority listed is not to veto the Secretary or to question the Secretary. It's an independent... After the Secretary has acted, after the claims are up, the Veterans Court sits above that and says, we think this should be done in fairness. The issue that we have here is we believe Congress did not intend that the only relief for veterans who are harmed or damaged by honest mistakes of the government, delay, or misinformation, which is clear from this record, is not just sympathy, which is what the court always says. We sympathize with the veteran. Our hands are tied. We don't believe their hands are actually tied. They have dated and questionable precedent within their own court to come to this conclusion has never... It hasn't been reviewed in 20 years. We believe that what we have put forward as far as the lack of restriction by Congress and the question, as in the cases in this court and Bailey, is there any reason Congress would not want the veterans to have the same right to equity in these types of decisions? At least the power in the Veterans Court, even if they use it very extraordinarily, that is a power that's very, very compelling that Congress did not say we did not grant. Counsel, you've just about used up your rebuttal time, but we'll give you two minutes to rebuttal. Thank you, Your Honor. Ms. Onyema, is it? Yes, Your Honor. Can I just ask a few basic factual questions? So, the Secretary denied relief in one of the two cases under 503, but the Secretary's a little mistake by any employee, but there's clearly a mistake by an employee, right? There were two certificates that were sent, one that did include the incorrect date and the incorrect number of remaining eligibility months and one that did not. Right, but the incorrect one came second. Correct. At least on the facts here, there is a claim that the correct one was never received. That is what Mr. Thompson argued below, correct? Now, I get the fact that we're not allowed to review the Secretary's discretion and that they're not even asking us to do that, but are you aware of whether the Secretary's ever exercised the authority under 503 to grant the type of relief that is expressly authorized in that provision? Yes, Your Honor. The Secretary, for example, in fiscal year 2016, granted equitable relief in 20 cases, and so the Secretary publishes a report as is required by statute to Congress, and that's published each year. And the equitable relief included the payment of monies? Yes, and so by the statute under 503, the Secretary can award any equitable relief he deems appropriate, and that includes the payment of money. Okay, so you don't argue, as Darrow seems to imply, that even if the Secretary, him or herself, had the power under 503, that the Appropriations Clause would prevent the exercise of that power? That's correct. If the Secretary is exercising that authority, I believe there's a statute that allows for necessary expenses that the VA uses to pay for claims for equitable relief. Okay. All right, then moving forward, you argue that the court does not have general equitable powers. Do we need to go that far to conclude that even if they had equitable powers, it wouldn't include the authority to order the payment of money? I don't think we need to go that far, and I'm happy to talk more about the equitable powers in general, but in terms of the ability to order money, any request for relief that involves payment of money from federal public funds needs to be authorized by statute, and here there is no corresponding statute, especially given that the statutes that govern the adjudication of benefits under Section 511, Mr. Burrs and Thompson don't qualify for the benefits under those statutes. So there's two separate concerns or two separate problems with their argument. One is the general principles of sovereign immunity, but the second is the lack of an appropriation. But your argument that the court has no general equitable powers, wouldn't that fly in the face of some of the times when we authorize the exercise of things like tolling of the filing limits? Well, Your Honor, there's a distinction between the equitable powers that are encompassed, for example, within the All Rights Act, this court discussed in Monk, which relate to procedural issues. And so this court noted that the ability to certify a class is a procedural tool that is exercised under the All Rights Act, which does not serve to expand the jurisdiction of the Veterans Court. It simply enables it to carry out its existing jurisdiction. So the ultimate question is still within 7252, is there a basis for the Veterans Court to consider the underlying issue? And so in Monk, the underlying arguments were benefits under 511. The only question was whether or not there should be, whether or not there was a procedural tool available to the court while adjudicating those claims and reviewing those claims. But it was still within the structure, the general and detailed structure of Section 511, which questions the statutory entitlement to benefits, which is separate and distinct from this narrow carve out that Congress has prescribed to the secretary under 503 to award equitable relief for individuals who don't meet the statutory entitlement. I do rely on the Appropriations Clause and Sovereign Immunity, but, and I get why those are background things to consider in determining what the scope of jurisdiction is that's granted by statute, but doesn't this at bottom fall down to a real statutory interpretation? It does go into a statutory interpretation question. So 7252 states what the jurisdiction is of the Veterans Court. And so the question becomes under that statute, is there sort of this inherent power to consider areas that are not included apart, that are not just related to benefits, but also relief. However, in interpreting that statute, 7252 notes that the Veterans Court's jurisdiction reviews what the board does. And under 71, I believe 04, the board only has jurisdiction to review determinations on benefits. And so those are the determinations that are made daily by the regional offices as delegated authority. So how, I mean, I think that's my point. If the statute says your authority is to review the decisions of the board and the decisions of the board are limited to award of benefits by statute, doesn't that end the inquiry? Yes, Your Honor. We would argue that it doesn't end the inquiry there. And just as a kind of threshold matter we haven't got to, everything you just said about why we have a statutory question in front of us makes it clear, does it not, that we have jurisdiction to decide that question? Well, Your Honor, when we were reviewing the... Contrary to the first argument in your brief here and probably every single Veterans brief you filed. Well, respectfully, Your Honor, when we were reviewing the decisions of the Veterans Court, we noted that the Veterans Court did not expressly discuss the relevant statutes. It said we have no authority. It said that under controlling statutes and our case law, we do not have authority. So we viewed that under, I believe it's the Forshea case, them not elaborating on what those statutes were. But certainly if the court finds that they're interpreting statute, we would agree that there's jurisdiction. And the bulk of our brief is spent discussing why on the merits they don't prevail. So if the court... Is there still an opportunity for Mr. Burris to petition the secretary? He actually did petition the secretary in 2017. So after the Veterans Court decision, he filed his petition and it's currently pending because of this case. Certainly, if the court were to determine that the Veterans Court can't award equitable relief, then there's the possibility of a double recovery if the secretary also considered whether equitable relief was appropriate. So he has since filed a petition. The court has no further questions. We respectfully request the court... Can I just ask, what weight do you put on the tax court case, the Frye Tech versus Commissioner? I mean, it seems there that they were addressing a different principle, but there is some broad language that your friend on the other side points to. Yes, Your Honor. And I'm not familiar with the case, but ultimately, I would find that that doesn't change the analysis here because still there must be an express waiver of sovereign immunity that would open up the federal government to suits and equity before the Veterans Court, especially when those suits would run counter to congressional statute. So if the court has no further questions, we respectfully request the court affirm. Thank you, counsel. Mr. Rosinsky has two minutes for a follow-up. Yes, Your Honor. As my learned professor of law colleague pointed out, the proper term instead of damage is probably restitution, is what Mr. Thompson is seeking. And as far as the remedies under equity, they are... An equity system is remedies when the remedies at law are inadequate. I think in every case that we've identified and hundreds others where the court says their hands are tied, it's because they say we can't help you under the law and we sympathize with you because the law is inadequate in it to answer or make you whole in this question. One other point I wanted to mention is that the Veterans Court Rule 8, which was created under the authority of the Congress for the court to make its own rules, is entitled suspension of secretarial action. So it's another reason, another example of where the Veterans Court actually uses its inherent equitable authority to temporarily halt secretarial action. And it's been applied in cases that I have where the secretary is threatening to send an action for collection before the investigation and the challenge or the appeal of that action was done. And they told the secretary, you've got to stop. And the secretary does stop. So there is an example of exactly what the Monk Court has described the authority of Congress to let the Veterans Court implement those unspoken or implicit powers under its judicial power of the United States. No questions. I thank the court. Thank you, Counsel. We'll take the case under revisal.